[No. C058800. Third Dist. Aug. 24, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
TODD HOVDA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part II of the Discussion.

1356

## Counsel

Patricia L. Watkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**ROBIE, J.**—Defendant Todd Hovda had five convictions for driving under the influence and finally killed someone. A jury found him guilty of gross vehicular manslaughter while intoxicated (a felony) and driving with a license suspended for driving under the influence (DUI) (a misdemeanor), and it found he had a prior DUI conviction. The trial court found he had five prior DUI convictions. The court sentenced him to prison for 15 years to life on the felony and a concurrent 30 days on the misdemeanor.

■ In the published part of our opinion, we conclude the trial court did not err in failing to instruct the jury that gross negligence—one of the elements of gross vehicular manslaughter while intoxicated (see Pen. Code, § 191.5, subd. (a))—requires conscious indifference to consequences. No such instruction was necessary because CALCRIM No. 590, the pattern instruction on gross vehicular manslaughter while intoxicated the trial court gave here, conveys the equivalent of "conscious indifference" by informing the jury that gross negligence exists only if "[a] reasonable person would have known that acting in that way would create" "a high risk of death or great bodily injury."

In the unpublished part of our opinion, we conclude the trial court did not improperly impose two restitution fines, but we nonetheless order minor corrections to the abstract of judgment relating to the fines the court imposed.

DISCUSSION

I

*Gross Vehicular Manslaughter*

The underlying facts are not material to our decision. Suffice it to say that in January 2006, defendant was speeding while intoxicated and crashed his car into another car, killing his passenger. On appeal, he contends CALCRIM No. 590—the pattern instruction on gross vehicular manslaughter while intoxicated given in this case—"failed to advise the jury that it [had to] find that [he] was consciously indifferent to the consequences of his conduct," which he contends is an "essential element of gross negligence." We find no merit in this argument.

As relevant here, the trial court instructed the jury as follows: "Gross negligence involves more than ordinary carelessness, inattention, or mistaken judgment. [¶] A person acts with gross negligence when, one, he or she acts in a reckless way that creates a high risk of death or great bodily injury; and

two, a reasonable person would have known that acting in that way would create such a risk. In other words, a person acts with gross negligence when the way he or she acts is so different from the way an ordinarily careful person would act in the same situation, that his or her act amounts to disregard [f]or human life or indifference to the consequence of that act."

Defendant faults this instruction because the word "indifference" in the final sentence set forth above is not qualified with the word "conscious." He contends such qualification is necessary because "it alone demarcates the distinction between ordinary and gross negligence." Not so.

■ It is true gross negligence "has been defined as the exercise of so slight a degree of care as to raise a presumption of conscious indifference to the consequences." (*People v. Watson* (1981) 30 Cal.3d 290, 296 [179 Cal.Rptr. 43, 637 P.2d 279].) As defendant himself acknowledges, however, what the phrase "conscious indifference" is intended to express is the concept that "gross negligence requires an objective level of awareness of the risk involved." In *Watson*, our Supreme Court expressed this requirement in a different manner when it stated that "[a] finding of gross negligence is made by applying an objective test: if a reasonable person in defendant's position would have been aware of the risk involved, then defendant is presumed to have had such an awareness." (*Ibid.*, italics omitted.) Nearly the same expression appears in the part of CALCRIM No. 590 that tells the jury gross negligence exists if "[a] reasonable person would have known that acting in that way would create" "a high risk of death or great bodily injury."

If a person acted in a way that a reasonable person would have *known* would create a high risk of death or great bodily injury, then that person acted with *conscious* indifference to the consequences. Thus, CALCRIM No. 590 *does* convey the concept defendant contends is missing, and defendant's claim of instructional error is without merit.

II

*, Restitution Fine**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment: (1) adding reference to the $200 fine imposed pursuant

---

*See footnote, *ante*, page 1355.

to Penal Code section 672 as to count one; and (2) omitting reference to a $100 restitution fine as to count two. The trial court is further directed to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

Cantil-Sakauye, J., concurred. Blease, Acting P. J., concurred in the result.